IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v. : CRIMINAL NO. 23-cr-00026 <br> : <br> DIANE GILLARD (1), PHILLIP GILLARD (2), : <br> RAPHAEL SANCHEZ (3), SHARIF : <br> JACKSON (4), AMIN WHITEHEAD (5), : <br> CESAR MALDONADO (6), TERRENCE : <br> MAXWELL (7), MELVIN DREHER (8), and : <br> ARRON PRENO (9) : | |

**ORDER**

**AND NOW**, this 22nd day of January, 2024, after considering (1) the Government's (a) Motions *in Limine* to Admit Evidence Under Federal Rule of Evidence 609(a)(1) against Defendants Diane Gillard ("Mrs. Gillard"), Phillip Gillard ("Mr. Gillard"), Sharif Jackson ("Jackson"), and Terrence Maxwell ("Maxwell") (ECF Nos. 172–75); (b) Motion *in Limine* to Admit Recordings (ECF No. 177); and (c) Motion *in Limine* for a Determination that Records Qualify as Business Records Under Federal Rule of Evidence 803(6) (ECF No. 179); (2) Mr. Gillard's responses in opposition to the motions (ECF Nos. 197–99); (3) Jackson's responses in opposition to the motions (ECF Nos. 205–07); (4) Defendant Melvin Dreher's responses in opposition to the Motion *in Limine* to Admit Recordings and Motion *in Limine* for a Determination that Records Qualify as Business Records (ECF Nos. 203–04); and (5) the arguments from counsel during the hearing held on December 12, 2023; and for the reasons stated in the separately filed Memorandum Opinion, **IT IS HEREBY ORDERED THAT**

1.  The Government's Motion *in Limine* to Admit Evidence Under Federal Rule of Evidence 609(a)(1) against Maxwell (ECF No. 172) is **DENIED WITHOUT PREJUDICE**;

2. The Government's Motion *in Limine* to Admit Evidence Under Federal Rule of Evidence 609(a)(1) against Mr. Gillard (ECF No. 174) is **DENIED WITHOUT PREJUDICE**;

3. The Government's Motion *in Limine* to Admit Evidence Under Federal Rule of Evidence 609(a)(1) against Jackson (ECF No. 173) is **DENIED** as follows:

    a. The Motion, insofar as it sought to have the Court admit Jackson's 2013 felony conviction, is **DENIED WITHOUT PREJUDICE**; and

    b. In all other respects, the Motion is **DENIED AS MOOT**;

4. The Government's Motion *in Limine* to Admit Evidence Under Federal Rule of Evidence 609(a)(1) against Mrs. Gillard (ECF No. 175) is **DENIED AS MOOT**;

5. The Government's Motion to Admit Recordings (ECF No. 177) is **DENIED WITHOUT PREJUDICE** as to Defendants Mr. Gillard, Jackson, Maxwell, and Dreher, and **DENIED AS MOOT** as to all other Defendants.

6. The Government's Motion *in Limine* for a Preliminary Determination under Federal Rule of Evidence 104 that Certain Records Qualify as Business Records Under Federal Rule of Evidence 803(6) (ECF No. 179) is **GRANTED**. The Court preliminarily finds that the Government trial exhibits listed in Exhibit A to its Motion are authentic and are business records within the meaning of Federal Rule of Evidence 803(6).[1] The Court further preliminarily finds that, as stated in the certifications of custodians of records provided by the government,[2] these exhibits are records of regularly conducted business activity which were made at or near the time of the activity by, or from information transmitted by, persons with knowledge; the records were

---

[1] *See* ECF No. 179 at ECF p. 2.
[2] These certifications were attached to the Government's Motion as Exhibit B.

kept in the course of the regularly conducted business activity; and it was the regular practice of the businesses to make these records.[3]

                                  BY THE COURT:

                                  */s/ John M. Gallagher*
                                  JOHN M. GALLAGHER
                                  United States District Court Judge

---

[3] As noted in the separately filed Memorandum Opinion, the Government never submitted these business records to the Court for its review, and Dreher attempted to contest the trustworthiness of the records under Rule 803(6)(E). The Government never addressed Dreher's argument in any written submission or at the hearing on December 12, 2023. The Court is not precluding Dreher from maintaining again challenging these records, if he has a legitimate basis to do so, before or at trial. If Dreher again asserts such a challenge, the Government will be required to submit the appropriate business records for the Court's consideration.

        For similar reasons, the Court is not including the Government's language in its draft order accompanying the Motion, which would have provided that the business records are "subject only to a determination of relevance by the Court or in advance of trial, are admissible at trial." ECF No. 179 at ECF p. 1. In addition, that language is much more limited when compared to the Government's assertion in its Motion that the "Court need not make a final determination of relevance and admissibility at this time." *Id.* at ECF p. 4.